UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RONALD CLEAVE DOUGLAS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-18 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| PATRICIA CARUSO et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Patricia Caruso for failure to state a claim. The Court will also dismiss Plaintiff's due process claim against Defendant Blaine Lafler. The Court, however, will serve Plaintiff's surviving retaliation and equal protection claims against Defendants Blaine Lafler, Scott Smith and Andy Johnson.

**Discussion**

I. Factual allegations

Plaintiff presently is incarcerated at the Carson City Correctional Facility (DRF), but the events giving rise to his complaint occurred at the St. Louis Correctional Facility (SLF). In his *pro se* complaint, Plaintiff sues the following SLF employees: Warden Blaine Lafler, Food Service Director Scott Smith and Assistant Food Service Director Andy Johnson. Plaintiff also sues Patricia Caruso, Director of the Michigan Department of Corrections (MDOC).

Since 2005, SLF employed Plaintiff in food service as a food service clerk. The duties of a food service clerk include typing and sorting mail, but not any heavy lifting. (Ex. 5 at App. C.) On March 7, 2006, Plaintiff received a medical detail for a light duty restriction, which limited his lifting to no more than ten pounds until April 30, 2006. (Ex. 13 at App. D.) Thereafter, SLF food service would not allow Plaintiff to return to work until he was released from the light duty restriction.

On March 13, 2006, Plaintiff filed a grievance against several individuals, including Defendants Johnson and Smith, seeking reinstatement of his food service assignment and requesting food service to accommodate his light duty restriction. Two days later, Defendant Johnson recommended that Plaintiff be terminated from his food service assignment in his Work Assignment Evaluation until he could be medically cleared by SLF health services. (Ex. 7 to App. C.) On March 23, 2006, Plaintiff alleges that Defendant Johnson submitted a false statement to the grievance coordinator that Plaintiff was occasionally required to "assist with the unloading of the daily deliveries." (Compl. at 3.) Plaintiff further alleges that a food service employee altered the work roster to change Plaintiff's assignment from a food service clerk to a commissary worker,

whose duties include occasional lifting. On March 31, 2006, Defendant Johnson rehired Plaintiff as a food service clerk. At that time, Plaintiff informed Defendants Smith and Johnson that he would be pursuing his complaint through the grievance process. On April 3, 2006, the MDOC transferred Plaintiff to the Carson City Correctional Facility.

Plaintiff asserts three constitutional arguments against Defendants. First, Plaintiff argues that Defendants Smith and Johnson violated his rights under the Equal Protection Clause of the Fourteenth Amendment by allowing two other handicapped prisoners, Demetrius McBride (#192829) and Deji Lee (#38118), to work in food service with light duty restrictions. Second, Plaintiff alleges a First Amendment retaliation claim against Defendants Lafler, Smith and Johnson. Plaintiff states that he was transferred from SLF to DRF immediately after he informed Defendants Smith and Johnson "that he was going to pursue this claim through each step of the grievance process to obtain back pay for the time he had been laid in from his assignment." (Compl. at 6.) Finally, Plaintiff argues that Defendants Caruso and Lafler violated his due process rights under the Fourteenth Amendment by failing to address the issues in Plaintiff's grievances and by transferring him before the resolution of his grievances.

For relief, Plaintiff requests compensatory and punitive damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Fourteenth Amendment - Due Process**

Plaintiff claims that Defendants Caruso and Lafler violated his due process rights under the Fourteenth Amendment by failing to address the issues in Plaintiff's grievance and transferring him before the resolution of his grievance. (Compl. at 6.) Plaintiff filed Grievance No. SLF-06-03-0468-02g on March 13, 2006, and appealed it through the three-step grievance process. While Defendant Lafler denied Plaintiff's Step II grievance appeal as the Step II Respondent, Defendant Caruso never participated as a Respondent to Plaintiff's grievance. (*See* App. C & D.) The Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. AMEND. XIV. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62

F.3d 789, 790-91 (6th Cir. 1995); *Wilkinson v. Austin*, 545 U.S.209, 223-24 (2005) (holding that transfer to Ohio "supermax" prison for an indefinite period occasioning only annual review, and where the placement disqualifies an otherwise eligible inmate for parole consideration, coupled with several other severe restrictions, "imposes an atypical and significant hardship under any plausible baseline").

Plaintiff has no due process right to file a prison grievance. The Sixth Circuit has held that there is no constitutional right to access an institutional grievance procedure. *See Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have also found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures") (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Buckley v. Barlow,* 997 F. 3d 494, 495 (8th Cir. 1993); and *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988)); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). Michigan law does not create a liberty interest in the grievance procedure. *See Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process. The Sixth Circuit, however, has held that there is a First Amendment right to file an institutional grievance if the inmate is engaged in constitutionally protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Plaintiff's First Amendment retaliation claim shall be served against Defendants Blaine Lafler, Scott Smith and Andy Johnson.

Further, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976);

*Meachum*, 427 U.S. at 225.  Plaintiff also does not have not a liberty interest in prison employment under the Fourteenth Amendment.  *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("no prisoner has a constitutional right to a particular job or to any job").  In addition, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).  Under these authorities, Plaintiff fails to state a due process claim.

        B.    **Defendant Caruso**

Plaintiff fails to make specific factual allegations against Defendant Caruso in relation to his retaliation or equal protection claims.  Plaintiff only asserts a due process claim against Defendant Caruso for failing to address the issues in Plaintiff's grievance and transferring him to the Carson City Correctional Facility before the resolution of his grievance. As stated above, Plaintiff's due process claim fails to state a claim against Defendant Caruso.  To the extent Plaintiff attempts to impose supervisory liability upon Defendant Caruso, he also fails to state a claim.   A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Id.*; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See*

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendant Caruso engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against Defendant Caruso.

### C. Remaining Claims

Upon initial review, the Court concludes that Plaintiff's First Amendment retaliation claim and Fourteenth Amendment equal protection claim against Defendants Blaine Lafler, Scott Smith and Andy Johnson, are not subject to dismissal under 28 U.S.C. § 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) against Defendant Patricia Caruso. The Court also will dismiss Plaintiff's due process claim against Defendant Blaine Lafler. Plaintiff's surviving First Amendment retaliation claim and Fourteenth Amendment equal protection claim will be served against Defendants Blaine Lafler, Scott Smith, and Andy Johnson.

An Order consistent with this Opinion will be entered.


Dated: May 23, 2007                                   /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE