UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CLEAVE DOUGLAS,

    Plaintiff,                                   Case No.  1:07-cv-18

v                                              HON. JANET T. NEFF

PATRICIA CARUSO et al.,

    Defendants.

_____/

## ORDER

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendants Lafler, Smith, and Johnson filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny Defendants Lafler, Smith, and Johnson's motion.  The matter is presently before the Court on Defendants' objections to the Report and Recommendation.

       Additionally, Plaintiff has since filed a Motion to Addendum Attached Appendixes to Complaint as Original (Dkt 32).  Specifically, plaintiff seeks to attach an April 7, 2006 grievance and his affidavit attesting to the filing of the grievance.  As neither of these appendixes need to be attached to the Complaint, the Court denies Plaintiff's motion; however, the materials will be incorporated into the record as supplementing Plaintiff's Response in Opposition to Defendant's Objections.

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Defendants make their objections. The Court denies the objections.

First, Defendants argue that the Magistrate Judge improperly determined that Plaintiff's grievance provided Defendants Smith and Johnson "fair notice" of Plaintiff's retaliatory transfer claim. Specifically, Defendants assert that the language contained in Plaintiff's first grievance[1] did not put Defendants on notice that Plaintiff would bring a claim for retaliatory transfer as he alleged in his Complaint. However, the Magistrate Judge properly concluded from the language that Plaintiff put Defendants on notice that he would bring a retaliation claim and that Plaintiff was not required to set forth a specific legal theory.

Further, the Magistrate Judge correctly applied the standard for a summary judgment motion. Defendants raised this affirmative defense on summary judgment and had the burden of demonstrating that no reasonable trier of fact could find for Plaintiff. Because Plaintiff specifically stated that Defendants were retaliating against him, reasonable minds could differ as to whether Defendants were adequately put on notice of the retaliatory transfer claim set forth in Plaintiff's complaint.

---

[1] "I was laid in by them because of the medical detail for lifting restriction of 10 lbs, they both further stated that I could not be in food service[] with a medical detail for light duty, I stated thats [sic] not true[,] you have several prisoners working in food service[] with medical light duty details and you're only doing this to retaliate against me because of the Kosher food that F/s staff have been stealing and eating it [sic], and F/s staff kneeling prisoners and playing the homosexual sick games which both of you know go's [sic] on in food service[] as it's been brought to your attention[] many times. Smith spoke up and said you're layed [sic] in until you get the medical detail taken off of you. I said I'll file a grievance and Johnson spoke up and said then you'll never work here again and Smith said you can be sure of that." App. A to Compl. (Dkt 1).

Defendants also argue that the Magistrate Judge incorrectly concluded that Plaintiff exhausted his administrative remedies as to Defendant Lafler where Defendant Lafler was not listed in Step I of the MDOC grievance process. See MDOC Policy Directive 03.02.130. Defendants' objection has no merit. The Magistrate Judge correctly concluded that MDOC Policy Directive 03.02.130 does not specifically require a prisoner to name each Defendant in Step I of the grievance process. The Magistrate Judge correctly relies on the Supreme Court's holding in *Jones v. Bock*, 127 S. Ct. 910, 923 (2007), which states, "[a]s the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion in unwarranted."

**THEREFORE, IT IS ORDERED** that the Motion to Addendum Attached Appendixes to Complaint as Original (Dkt 32) is DENIED; however, the attachments are incorporated into the record as supplementing Plaintiff's Response in Opposition to Defendant's Objections.

**IT IS FURTHER ORDERED** that the Objections (Dkt 28) are DENIED and the Report and Recommendation (Dkt 27) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 16) is DENIED.

Date: September 30, 2008                               /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge