UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CLEAVE DOUGLAS,

    Plaintiff,

v.

Case No. 1:07-cv-18
HON. JANET T. NEFF

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronald Cleave Douglas, an inmate currently confined at the Carson City Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections. The alleged improper acts arose while plaintiff was confined at the St. Louis Correctional Facility. Defendants include Warden Blaine Lafler, Food Service Director Scott Smith and Assistant Food Service Director Andy Johnson. Defendant Caruso and the due process claim against defendant Lafler have been dismissed by the court. The remaining claims involve retaliation and equal protection violations.

Plaintiff claims that defendants Lafler, Smith and Johnson retaliated against him. Plaintiff alleges that he was employed in food service, but received a medical detail for a light duty restriction preventing plaintiff from lifting more than 10 pounds. Plaintiff was not allowed to continue his employment with food service until an accommodation could be made or until his light duty restriction was lifted. Plaintiff alleges that defendant Johnson falsely asserted that plaintiff was required to assist with unloading daily deliveries. Plaintiff alleges that his assignment was altered

from clerical to commissary worker which included occasional lifting. Plaintiff asserts that his clerical duties did not require lifting. On March 31, 2006, plaintiff was rehired in food service. Plaintiff informed defendants Johnson and Smith that he was pursuing a complaint against them. On April 3, 2006, plaintiff was transferred to the Carson City Correctional Facility.

Plaintiff alleges that defendants Smith and Johnson violated his equal protection rights by allowing two handicapped prisoners to work in food service with light duty restrictions. Plaintiff asserts that defendants Lafler, Smith and Johnson retaliated against him when they transferred him to a different prison after he informed them that he would continue to pursue his grievance.

Defendants move for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is

sufficient "evidence on которой the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976).

A claim that plaintiff was treated one way and everyone else was treated another way, by itself, is not sufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993). Rather, plaintiff must show that he was victimized by some suspect classification. *Id.* Absent some allegation or proof that the law was applied differently to plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated. *See Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Conte, J., concurring); *see also Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 282 (6th Cir. 1991), *cert. denied*, 503 U.S. 945 (1992) (a person's conduct is legitimate for purpose of the equal protection clause even though it may have been mean-spirited, ill-considered, or other unjustifiable, objectionable, or unreasonable, so long as it was not motivated by class-based discrimination).

Plaintiff has alleged that two other prisoners with light duty restrictions remained in employment in food service. Defendant Smith states that plaintiff was "laid in" from his job assignment on March 8, 2006, after he was issued a Medical Detail placing a 10 pound restriction on him. Plaintiff was laid in until the restriction was removed or a skilled assignment was available which could accommodate plaintiff's restriction. Defendant Johnson explained that there are no "light duty" designated positions within Food Service. There are positions that can accommodate prisoners with restrictions and, when available, prisoners with restrictions are placed in those positions. In the opinion of the undersigned, plaintiff cannot support his claim that his equal protection rights were violated. Plaintiff was placed on laid in status because his medical restrictions could not be accommodated. No light duty jobs were available to accommodate plaintiff, and plaintiff was informed that he would be able to return to work when a job became available within his restrictions or when his restrictions were lifted. Plaintiff appears to suggest that defendants needed to create a job for him, or that defendants needed to remove someone from a position to accommodate plaintiff. Defendants are not required by the constitution to take such action. Defendants made a reasonable decision to place plaintiff on "laid in" status.

Plaintiff asserts that his transfer to another prison was retaliatory because he intended to pursue his grievance. Defendant Lafler states that plaintiff was transferred to place him at his true security level. The transfer was favorable to plaintiff because it resulted in a reduction to his security level. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part,

by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff cannot show that adverse action was taken against him when he was transferred to his true reduced security level or that his transfer was motivated by the pursuit of his grievance.

Defendants move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard

to sequence. *Id*. As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #41) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2009