UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CLEAVE DOUGLAS,

    Plaintiff,                                        Case No. 1:07-cv-18

v                                                  HON. JANET T. NEFF

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Plaintiff had established no constitutional violation and that Defendants are entitled to qualified immunity. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court grant Defendants' motion and enter judgment for Defendants. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections for the following reasons.

Plaintiff first objects to the Magistrate Judge's Report and Recommendation in its entirety. He contends that Defendants are precluded from requesting summary judgment since the Court has previously denied them such relief (Dkt 49 at 1). The Court did indeed deny Defendants' previous

1

"motion for summary judgment," which had asserted that Plaintiff had failed to exhaust his administrative remedies, and thus sought dismissal of Plaintiff's claims. Defendants' present motion, however, is filed pursuant to Fed. R. Civ. P. 56 and argues different grounds for relief. Therefore, Plaintiff's argument is without merit. His first objection is denied.

Plaintiff next argues that the Magistrate Judge erred in failing to find a genuine issue of material fact as to his Equal Protection claim (Dkt 49 at 4). Plaintiff argues that he was denied equal protection because two inmates with restrictions similar to his received accommodations that he was not allowed. Plaintiff's argument is without merit. The Magistrate Judge properly stated, "Absent some allegation or proof that the law was applied differently to plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated." (Dkt 48 at 3) Plaintiff has made no such allegation. His objection is thus without merit and is denied.[1]

Plaintiff also objects to the Magistrate Judge's finding that he was not subjected to any First Amendment retaliation (Dkt 49 at 5). Plaintiff argues that the Magistrate Judge erred in finding that he was not subjected to any adverse action, citing several "adverse effects" resulting from his transfer to a lower security level prison (Dkt 49 at 6). While some consequences of his transfer may be "adverse" to Plaintiff, the Court finds that these effects would not deter a person of ordinary firmness from pursuing his grievances. Such a deterrent effect is required to find retaliation in violation of a prisoner's First Amendment rights. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff's argument is therefore without merit. Plaintiff further argues that a genuine issue of material fact exists concerning whether his transfer was motivated by retaliatory

---

[1] Plaintiff's objection that Defendants manipulated food service documents does not change this result.

intent. Plaintiff has failed, however, to present specific evidence to support this argument. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In any event, this argument is inconsequential, since the Court finds no adverse action. His objection regarding First Amendment retaliation is accordingly denied.

Plaintiff lastly objects to the Magistrate Judge's finding that Defendants should be granted qualified immunity (Dkt 49 at 7). Plaintiff argues that any prison official must have known that his constitutional rights were being violated. Plaintiff's argument is without merit. The Magistrate Judge found that Plaintiff's constitutional rights had not been violated, meaning Defendants are entitled to qualified immunity. Because the Court agrees with the Magistrate Judge's opinion, Plaintiff's objection is denied.

Consequently, the Court adopts the Report and Recommendation as the opinion of this Court. For the reasons expressed and because this action was filed *in forma pauperis*, this Court also will also certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 49) are DENIED and the Report and Recommendation (Dkt 48) is APPROVED and ADOPTED as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Rule 56(b) Motion for Summary Judgment (Dkt 41) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

A Judgment will be entered consistent with this Opinion and Order.


Dated: December 9, 2009                      /s/ Janet T. Neff
                                                 JANET T. NEFF
                                                 United States District Judge